Bissell, P. J.,
delivered the opinion of the court.
A slight statement in addition to what appears in the ease of Burchinell, Sheriff, v. Mosconi, 4 Colo. App. 401, is essential to an intelligent disposition of this appeal. The appellants brought this action to obtain a judgment concerning the deed of assignment under which Mosconi claimed, and to restrain him from disposing of the moneys which he had received from the sale of a stock of goods which came into his possession as assignee. In the former suit, the sheriff had levied his process upon the goods, and Mosconi brought replevin, setting up the assignment and his possession, and got judgment. The court below adjudged the instrument good and the assignment valid against the attaching creditors. An appeal was prosecuted from the judgment, and at the March term, 1894, the judgment was reversed. This court, speaking through Judge Reed, decided that the instrument under which Mosconi made title was illegal and invalid, and conferred upon him as assignee no rights whatever. The present appellants were execution creditors of the assignor, and to prevent the assignee from disturbing the money after the judgment in his favor, filed the present suit. Shortly *485 after the judgment in this case the opinion in Burchinell v. Mosconi was published, but, notwithstanding that conclusion, the appellee has seen fit to insist upon a trial and compel the creditors to prosecute this appeal. He here again attempts to sustain the instrument under which he claims, although it is not easy to perceive the reason for his procedure. The opinion of Judge Reed in the premises was able and satisfactory, and the court is not inclined to depart from its conclusions. The principal part of the assignee’s complaint in his argument is that the judge was in error concerning his construction of the law respecting the necessity to observe the provisions of the statute with reference to the schedules which he might attach to his deed. There is no necessity to discuss or determine this question, and it will be left as it was in the original opinion. The court did not put its decision that the deed was invalid on the fact that the description of the property contained in the instrument and its schedule was inaccurate and insufficient. While the learned judge expressed his opinion concerning it, he expressly puts his decision upon the incontrovertible ground that when a deed of assignment under our statute is not made for the benefit of all the creditors, but some of them are expressly and by intention excluded from its benefits, the deed cannot •be upheld. The court very properly concluded that the evidence clearly established this fact. On the trial of the present case, the testimony which was introduced in Burchinell v. Mosconi was by stipulation offered and received. We have the right, therefore, to assume that all the facts proven on the former hearing, as well as those produced at the present trial, are before us for consideration. The case lias been strengthened by other proof, and we still conclude the deed was invalid, that Mosconi took no title, and the judgment creditors are entitled to recover. Since this is.true, this case will be reversed and remanded.

Reversed.